The document below is hereby signed.

Signed: January 14, 2014



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SCOTT A. McNAMARA, | ) | Case No. 13-00698 |
| | ) | (Chapter 11) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION SUPPLEMENTING
ORAL DECISION RE APPLICATION TO EMPLOY SPECIAL COUNSEL

The debtor in possession has filed an application to employ special counsel to pursue a malpractice claim against the attorneys who were counsel of record for the debtor in a civil action in the district court, specifically, a claim of malpractice that allegedly occurred pre-verdict. That special counsel advised the debtor regarding the civil action post-verdict. The parties opposing the application, judgment creditors of the debtor, argued for the first time at the hearing on the application that the filing of a post-verdict motion in the civil action as to the sufficiency of the evidence to support the jury's verdict may, itself, have constituted malpractice. Specifically, they argue that the appellate court is now bound to apply a more deferential standard of review to the sufficiency of

the evidence issue than would have applied had no such post-verdict motion been filed.  Accordingly, they contend that the special counsel could be accused of malpractice, which would in turn give rise to a conflict in representing the debtor in his malpractice claim against the attorneys who represented the debtor pre-verdict.

I

It is useful to first distinguish between the two routes for seeking post-verdict relief in the district court based on an attack upon the evidentiary soundness of the verdict.  When at the close of the evidence there is insufficient evidence to support a verdict against a party, or when such a verdict is supported by insufficient evidence in a broader, more colloquial sense that it would go against the weight of the evidence, that party has two routes under the Federal Rules of Civil Procedure to challenge such a verdict:

- First, before the claim is submitted to the jury, the party may seek judgment in its favor under Rule 50(a) on the basis that the evidence is insufficient to support a verdict against it.  If that motion is not granted, the party may renew its motion, under Rule 50(b), after the jury returns an adverse verdict, and must so renew its motion in order to be entitled to a judgment in its favor despite the verdict.  The court

   of appeals' review of a decision denying such a Rule 50(b) motion is *de novo*.  *See Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1149 (D.C. Cir. 2004) (Rule 50(a) motion).

- Second, after an adverse verdict is returned, the party may seek a new trial under Rule 59.  A new trial may be granted (in contrast to Rule 50(b)) when the verdict rests on insufficient evidence in the broader sense that it goes against the weight of the evidence.  *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 433 (1996).

A court of appeals may not reverse a judgment based on lack of sufficient evidence to support the verdict, or on the basis that the verdict goes against the weight of the evidence, if the appellant pursued neither a Rule 50(b) motion nor a Rule 59 motion.  *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404 (2006).

Rule 59(a)(1)(A) permits the court to grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." However, in contrast to Rule 50 and in contrast to a nonjury civil action in which Rule 59(a)(2) permits the court to "direct the entry of a new judgment," Rule 59(a)(1)(A) does not permit the entry of a new judgment even if there was insufficient evidence to support the verdict, and permits only a new trial.[1]

---

[1] Although Rule 59(e) permits the filing of a motion "to alter or amend a judgment," it is implicit that a Rule 59(e) motion may not be used in a jury case to permit a party to obtain a judgment in its favor, thereby ending the case, based on the adverse verdict having been supported by insufficient evidence. This implicit bar arises because:

- Rule 59(a)(1)(A) does not permit entry of a judgment in the movant's favor when there was insufficient evidence to support the verdict;

- Rule 50(a) and (b) are the rules provisions that specifically address the issue of entry of a judgment in a party's favor despite the verdict when there was insufficient evidence to support the verdict; and

- otherwise, there would be a frustration of the purposes, outlined in *Unitherm Food Systems*, of requiring a pre-verdict motion under Rule 50(a) in order for a party to be entitled to invoke Rule 50(b) to obtain a judgment in its favor when an adverse verdict is returned that is supported by insufficient evidence.

The existence of the bar is so obvious that reported decisions apply it without extensive explanation. *See, e.g.*, *Elm Ridge Exploration Co. v. Engle*, 721 F.3d 1199, 1216 (10th Cir. 2013) ("Sufficiency of the evidence is properly raised under Rule 50(b), but not under Rule 59(e) . . . .") (citations omitted).

II

The parties opposing the application to employ special counsel specifically argue that when a trial judge has denied a motion for a new trial that attacks the evidentiary sufficiency of the verdict, that results in the application of a more deferential standard of review on appeal to the issue of whether there was sufficient evidence.  Accordingly, they argue, special counsel's post-verdict efforts to obtain a new trial may have constituted malpractice.  In support of this argument, they cite *Grogan v. Gen. Maint. Serv. Co.*, 763 F.2d 444, 447-48 (D.C. Cir. 1985), which stated:

> The disposition of such a motion [under Rule 59 for a new trial] is a matter entrusted to the sound discretion of the trial court; in consequence, we review the District Court's denial of a motion for new trial only to determine whether that action constituted an abuse of discretion.  Our review is particularly narrow where, as here, the trial court denied a motion founded upon the contention that the evidence was insufficient to support the verdict.  In such situations, the appellate court owes deference both to the trial judge and the jury since both have had "the opportunity to observe the witnesses and to consider the evidence in the context of a living trial rather than upon a cold record."

[Citations omitted.]  Under *Teneyck*, the court of appeals reviews *de novo* a decision denying a Rule 50(b) motion contending that the evidence was insufficient to support the verdict.  In *Grogan*, the court of appeals first addressed the denial of a motion for such relief (under the version of Rule 50(b) then in force, which was equivalent, as relevant here, to a motion under current Rule

50(b)). *Id*. at 447. When it turned to the Rule 59 issue, the court of appeals was obviously not addressing the issue it had already addressed of whether the evidence was insufficient under the Rule 50(b) standard to support the verdict, but instead the issue of whether the evidence was insufficient in the looser sense that the verdict was against the weight of the evidence.

III

Here, the debtor's pre-verdict counsel in the civil action failed to preserve the right to make a Rule 50(b) motion post-verdict by failing to make a motion pre-verdict under Rule 50(a) to enter judgment in the debtor's favor based on the insufficiency of the evidence. *See McNamara v. Picken*, --- F.Supp.2d ----, 2013 WL 4615321, at *2 (D.D.C. Aug. 30, 2013). Accordingly, the only motion that could be pursued to set aside the verdict was one under Rule 59 for a new trial. There could be no malpractice in pursuing a Rule 59 motion, which under *Unitherm Food Systems* was the only remaining vehicle for preserving on appeal an attack on the evidentiary soundness of the verdict.

Accordingly, the judgment creditors' argument that, in light of *Grogan*, special counsel may have committed malpractice, is without merit.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification.

R:\Common\TeelSW\Judge Teel Docs\McNamara (Scott A.) Supplemental Decsn re Spec. Counsel_Final.wpd

6